# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DAVID SHU,

          Appellant,

      v.

UNITED STATES POSTAL SERVICE,

          Agency.

DOCKET NUMBER
SF-0752-14-0011-I-1

DATE: October 23, 2014

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>David Shu</u>, Santa Maria, California, pro se.

<u>Kristen Walker</u>, Long Beach, California, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1     The appellant has filed a petition for review of the initial decision, which dismissed his appeal of his placement in an emergency off-duty status for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

The appellant is a full-time Letter Carrier at the agency's Santa Maria Post Office in Santa Maria, California.[2]  Initial Appeal File (IAF), Tab 12 at 39.  On September 27, 2013, the agency placed the appellant in an emergency off-duty status without pay for failing to report that he was involved in a motor vehicle accident with a privately-owned vehicle on September 21, 2013, while performing his duties.  IAF, Tab 11 at 30.  The appellant filed a Board appeal challenging his emergency placement.  IAF, Tab 1.  The appellant claimed that there had been no accident and asserted that the agency committed prohibited personnel practices and violated merit system principles by placing him in an emergency off-duty

_____

[2] The appellant initially worked for the agency as a part-time flexible Letter Carrier at the Woodland Hills, California Post Office, starting on March 23, 2002.  *See Shu v. U.S. Postal Service*, MSPB Docket No. SF-0353-11-0065-B-1, Initial Appeal File (B-1 IAF), Tab 41 at 2.  He suffered a compensable injury on September 22, 2003, following which he was absent from work, and the agency removed him based on a charge of Irregular Attendance/Absent Without Leave effective December 12, 2003.  *Id.* at 2, 7.  He made a request for reinstatement on March 1, 2009, *id.* at 6, and he returned to duty in his position in Santa Maria on November 6, 2010, *id.* at 7.

status. *Id.* at 5. In particular, he alleged that the action was taken to retaliate against him for filing a restoration appeal.[3] *Id.* He did not request a hearing. *Id.* at 2.

¶3 The administrative judge issued an acknowledgement order in which he notified the appellant of the limited circumstances in which U.S. Postal Service employees may appeal adverse actions to the Board and directed the appellant to file evidence and/or argument on the jurisdictional issue. IAF, Tab 2. In response, the appellant alleged that the Board has jurisdiction over this appeal pursuant to 5 C.F.R. § 353.304(a) because the agency failed to return him to duty following a leave of absence and his placement in an off-duty status is a "continuing violation of [his] restoration right[s]." IAF, Tab 8 at 4-5, Tab 13 at 4-5.

¶4 The administrative judge then issued an order notifying the appellant of the requirements for establishing Board jurisdiction over a restoration appeal and directed the appellant to file evidence and argument to prove that this action is within the Board's jurisdiction. IAF, Tab 14 at 10-13, 20. In response, the appellant alleged that the Board has jurisdiction over this appeal because his emergency placement is related to his "failure to restore" claim and based on the same underlying injury. IAF, Tab 16 at 4. He also asserted that the agency did not properly restore him in 2010 and reiterated his allegation that his emergency placement is a continuing violation of his restoration rights. IAF, Tab 18 at 6.

---

[3] Shortly before his return to duty on November 6, 2010, the appellant filed a restoration appeal with the Board. *Shu v. U.S. Postal Service*, MSPB Docket No. SF-0353-11-0065-I-1, Initial Appeal File (I-1 IAF), Tab 1. The appellant's restoration appeal was dismissed and remanded for further proceedings twice, most recently on September 6, 2013. I-1 IAF, Tab 22; B-1 IAF, Tabs 1, 41; *Shu v. U.S. Postal Service*, MSPB Docket No. SF-0353-11-0065-B-2, Initial Appeal File (B-2 IAF), Tab 1. On September 25, 2014, the administrative judge issued an initial decision in that appeal, finding that the agency's delay in restoring the appellant to duty between March 1, 2009, and November 6, 2010, was tantamount to a denial of restoration. B-2 IAF, Tab 40.

¶5     The administrative judge issued another order in which he again advised the appellant of his burden of establishing jurisdiction. IAF, Tab 27. In response, the appellant reiterated his allegation that the Board has jurisdiction over this appeal because his emergency placement arises out of an improper restoration in 2010. IAF, Tab 28 at 4-5. He also asserted a claim of disability discrimination. *Id.* at 5-6.

¶6     Based on the parties' submissions, the administrative judge issued an initial decision that dismissed the appeal for lack of jurisdiction. IAF, Tab 32, Initial Decision (ID) at 1, 9-10. More specifically, the administrative judge found that the appellant failed to nonfriviolously allege Board jurisdiction over the appeal of his indefinite suspension as an adverse action. ID at 6. The administrative judge also found that the appellant failed to nonfrivolously allege Board jurisdiction over his emergency placement and/or claims of an indefinite suspension based on his restoration rights. ID at 9. The administrative judge found that, because the appellant has not raised an otherwise appealable action, the Board has no jurisdiction to address his allegations of unlawful discrimination, retaliation, and/or prohibited personnel practices. ID at 9-10.

¶7     The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response to the petition for review. PFR File, Tab 3. The appellant has filed a reply to the agency's response, as well as a supplement to his reply. PFR File, Tabs 4-5.

**ANALYSIS**

<u>The administrative judge correctly found that the Board lacks jurisdiction over this appeal as an adverse action appeal.</u>

¶8     The Board's jurisdiction is not plenary; it is limited to those matters over which it has been given jurisdiction by law, rule or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). The appellant must prove by preponderant evidence that the Board has jurisdiction over his appeal. 5 C.F.R. § 1201.56(a)(2)(i). On review the appellant does not challenge, and we

find no reason to disturb, the administrative judge's finding that the Board does not have jurisdiction over the appellant's indefinite suspension as an adverse action. *See generally* PFR File, Tab 1; ID at 6. For a U.S. Postal Service employee to appeal an adverse action under 5 U.S.C. chapter 75, he must: (1) be a preference eligible, a management or supervisory employee, or an employee engaged in personnel work in other than a purely nonconfidential clerical capacity; and (2) have completed 1 year of current continuous service in the same or similar positions. *See* 39 U.S.C. § 1005(a); 5 U.S.C. § 7511(a)(1)(B)(ii); *Clark v. U.S. Postal Service*, 118 M.S.P.R. 527, ¶ 7 (2012). In this case, it is undisputed that the appellant is not a preference eligible, supervisor, or manager, nor does he engage in personnel work in other than a purely nonconfidential clerical capacity. Therefore, the appellant does not have the right to challenge his emergency placement before the Board as an adverse action under chapter 75.

The administrative judge correctly found that the Board lacks jurisdiction over this appeal as a restoration appeal.

¶9    Under the authority of 5 U.S.C. § 8151(b), the Office of Personnel Management issued regulations governing the restoration rights of employees after recovery from a compensable injury. *See* 5 C.F.R. § 353.301. The Board's jurisdiction in restoration cases is set forth at 5 C.F.R. § 353.304, which provides individuals the right to appeal to the Board an agency's failure to restore, improper restoration, or failure to return an employee following a leave of absence.

¶10    In addressing whether the Board has jurisdiction over this appeal as a restoration appeal, the administrative judge noted that there is nothing in the record to indicate that the appellant was absent from duty or suffered a compensable injury following his return to duty on November 6, 2010. ID at 8 (citing IAF, Tabs 1, 8, 13, 28). As for the appellant's claim that the Board has jurisdiction over his emergency placement based on his 2003 workplace injury and return to full duty on November 6, 2010, the administrative judge found that

the record reflects that the emergency placement was based on an unreported September 21, 2013 motor vehicle accident in a government vehicle, a matter substantially unrelated to a compensable injury. ID at 8-9. In that regard, the administrative judge noted that the appellant does not appear to dispute either that he was aware of the claimed collision on September 21, 2013,[4] or that he twice met the U.S. Postal Service customer who reported a collision involving his personal vehicle and a government vehicle to discuss the claimed collision. ID at 9 (citing IAF, Tab 11, Subtab 4I). The administrative judge further found that, to the extent that the appellant is attempting to argue that the Board has jurisdiction over this appeal because he was placed in an off-duty status based on his 2003 workplace injury, the appellant's submissions reflect that his emergency placement was based on the U.S. Postal Service customer's report of a 2013 vehicle collision and the appellant's failure to report the incident, a cause that is substantially unrelated to the appellant's compensable injury. ID at 9. Therefore, the administrative judge found the appellant failed to nonfrivolously allege that the Board has jurisdiction over this appeal based on his restoration rights. ID at 9.

¶11    The appellant challenges this finding on review, reiterating his argument below that the Board has jurisdiction over this appeal because his emergency placement was part of an ongoing effort by the agency to deny his restoration rights. PFR File, Tab 1 at 5-12. This argument is essentially mere disagreement with the administrative judge's explained finding that the appellant's emergency placement was based on the appellant's failure to report that he was involved in a

---

[4] The appellant challenges this statement on review, arguing that he "made clear that there was no collision on September 21, 2013[,] and he was NOT aware of a claimed collision on September 21, 2013." PFR File, Tab 1 at 12 (capitalization as in original). The appellant has apparently misconstrued the administrative judge's statement. Although the appellant denied that a collision occurred, he did not dispute that he was aware of a "traffic incident" between himself and a Postal customer on September 21, 2013, and that the customer claimed that the incident involved a collision. *See* IAF, Tab 13 at 4. Thus, we find the administrative judge's statement accurate.

motor vehicle accident with a privately-owned vehicle on September 21, 2013, a matter unrelated to the appellant's compensable injury.  ID at 8-9.  As such, this argument provides no basis for disturbing the administrative judge's finding that the Board does not have jurisdiction over this appeal based on the appellant's restoration rights.  *See Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (a petitioner's mere disagreement with issues already raised and properly resolved by the administrative judge below does not establish a basis for review).

Allegation of judicial bias.

¶12    The appellant also raises an apparent claim of judicial bias on review.  PFR File, Tab 1 at 15.  He alleges that "every [initial decision] that [the administrative judge] has issued and will issue in [the] [a]ppellant's appeals . . . [will be] based on his personal preference in favor of the agency."  *Id.*

¶13    In making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators.  *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980).  An administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if his comments or actions evidence a deep-seated favoritism or antagonism that would make fair judgment impossible.  *See, e.g.*, *Smets v. Department of the Navy*, 117 M.S.P.R. 164, ¶ 15 (2011), *aff'd*, 498 F. App'x 1 (Fed. Cir. 2012). The appellant's allegations on review, which relate solely to the administrative judge's rulings and not to any extrajudicial conduct by the administrative judge, neither overcome the presumption of honesty and integrity that accompanies an administrative judge nor establish that the administrative judge showed a deep-seated favoritism or antagonism that would make fair judgment impossible.

Documents submitted on review

¶14      The appellant submits several documents with his petition for review.  PFR File, Tab 1 at 17-25.  The Board generally will not consider evidence submitted for the first time on review absent a showing that the documents and the information contained in the documents were unavailable before the record closed despite due diligence.  *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980).  The Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision.  *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980).  Although some of the documents submitted on review are new, in that they were not available before the record closed below,[5] they are not material to the issue in this appeal, i.e., whether the administrative judge correctly dismissed the appeal for lack of jurisdiction, and, thus, provide no basis to grant the appellant's petition for review.  *See Russo*, 3 M.S.P.R. at 349.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline

---

[5] The record closed below on January 28, 2014.  *See* IAF, Tab 27 at 6.  Two of the documents the appellant submits on review postdate the close of the record.  *See* PFR File, Tab 1 at 17-19.

and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:          _____
                        William D. Spencer
                        Clerk of the Board

Washington, D.C.